**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JAMES A. SPARKS,** : | **CIVIL ACTION NO. 1:04-CV-1518** |
| Petitioner : | (Judge Conner) |
| v. : | |
| **PENNSYLVANIA BOARD OF PROBATION AND PAROLE and GERALD J. PAPPERT,** : | |
| Respondents : | |

## ORDER

AND NOW, this 2nd day of May, 2005, upon consideration of the petition for writ of habeas corpus (Doc. 1), in which petitioner avers that his denial of parole is in violation of the Ex Post Facto Clause of the United States Constitution, see Mickens-Thomas v. Vaughn, 321 F.3d 374 (3d Cir. 2003), and it appearing that petitioner has not exhausted available state court remedies (Doc. 1 at 2), see 28 U.S.C. § § 2254(b), (c); Slutzker v. Johnson, 393 F.3d 373, 379 (3d Cir. 2004) ("[I]f there is any likelihood that the state courts would consider the merits of a petitioner's unexhausted claim, the federal courts should dismiss [the] petition and allow [the petitioner] to seek relief in state courts."); see also Rhines v. Weber, 125 S.Ct. 1528, 1533-34 (2005) (stating that courts may stay habeas corpus proceedings while a petitioner exhausts state remedies), and that exhaustion of petitioner's claims may not be futile, see Cimaszewski v. Bd. of Probation & Parole, 868 A.2d 416, 427 (Pa.

2005) (stating that "retroactive changes in the laws governing parole may violate the ex post facto clause"),[1] it is hereby ORDERED that:

1. Proceedings on the petition for writ of habeas corpus (Doc. 1) are STAYED indefinitely pending the conclusion of state court proceedings with respect to petitioner's claims.

2. Petitioner shall file with this court a notice of the initiation of state court proceedings within thirty days of the date of this opinion.

3. Petitioner shall file with this court a notice of the pendency of state court proceedings, accompanied by a copy of the latest order entered in the state court proceedings, on or before July 1, 2005, and on or before the first day of every third month thereafter.

4. Petitioner shall file with this court a notice of the conclusion of state court proceedings, accompanied by copies of all orders entered in the state court proceedings, within thirty days of the date of the final decision of the state court.

5. Failure to comply with this order will result in *nunc pro tunc* vacation of the stay entered in this order, and dismissal of the petition for writ of habeas corpus. See Slutzker v. Johnson, 393 F.3d 373, 379 (3d Cir. 2004).

6. The Clerk of Court is directed to CLOSE this case for statistical purposes only.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] This decision expressly overrules Finnegan v. Pa. Bd. of Prob. & Parole, 838 A.2d 684 (Pa. 2003), in which the court had held that retroactive application of the parole laws was not violative of the Ex Post Facto Clause.